NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URITHA NUALSANIT,<br><br>               Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>               Respondent. | No.   15-70272<br><br>Agency No. A098-763-454<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 25, 2019[**]

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Uritha Nualsanit, a native and citizen of Thailand, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision finding her removable for marriage fraud

under 8 U.S.C. §§ 1182(a)(6)(C)(i) and 1227(a)(1)(A).  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence. *Nakamoto v. Ashcroft*, 363 F.3d 874, 881 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's finding that the government carried its burden of proving by clear and convincing evidence that Nualsanit committed marriage fraud. *See* 8 U.S.C. § 1229a(c)(3)(A); *Nakamoto*, 363 F.3d at 882. The agency properly weighed the strength of the evidence submitted by the government and by Nualsanit and did not improperly shift the burden of proof to her; nor did the IJ err by accepting as true her ex-husband's description of the marriage over the petitioner's. Because the burden of proof was not on Nualsanit, the IJ was not required to make an explicit finding regarding her credibility. Substantial evidence, including the IJ's observation of petitioner's ex-husband's demeanor, supports the IJ's finding that the ex-husband was credible, and the IJ and BIA specifically addressed his possible motivation to lie. *See Nakamoto*, 363 F.3d at 881.

**PETITION FOR REVIEW DENIED.**